O'NEIL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1903.)

No. 920.

1. USE OF MAILS TO DEFRAUD—INDICTMENT—EVIDENCE.

An indictment under Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696],. charged that defendant, having devised a scheme to defraud certain persons named, pursuant thereto, by means of letters sent through the mail, induced such persons to send him money for the supposed purpose, in each instance, of redeeming a ring from pawn; that he obtained such sums of money, and converted the same to his own use, "without furnishing to any of those persons any ring at all equal in value to any of the sums so sent and paid to him for the purpose aforesaid." *Held*, that the gist of the fraud charged was the obtaining of such. money without furnishing to the persons sending it rings equivalent in value, and that a conviction could not be sustained upon evidence which showed that in all cases the retail price of the ring sent in return was equal to the money forwarded.

In Error to the District Court of the United States for the Northern Division of the Northern District of Illinois.

At the December Term, 1901, of the United States District Court, the plaintiff in error was tried for, and convicted of, a violation of section 5480 of the Revised Statutes [U. S. Comp. St. 1901, p. 3696].

¶ 1. Nonmailable matter relating to frauds and counterfeiting, see note to. Timmins v. U. S., 30 C. C. A. 86.

The indictment on which he was convicted. charged him with having devised a scheme and artifice, to defraud certain persons therein named, "by pretending to each of those persons, by and through correspondence, under some fictitious name, to be a lady friend of such person, who had pawned her diamond ring, and was unable to redeem the same, and preferred giving such person the opportunity of redeeming the same, for his own benefit to forfeiting it to pawn-brokers, and by sending to such person, along with such correspondence, a fictitious and pretended pawn ticket, showing the pledging of a diamond ring with the 'Central Agency Chicago Pawn Brokers, Baltimore Building, 21 Quincy Street,' and by this means inducing the said persons, respectively, to send and pay their money to him, the said Thomas L. O'Neil, under the said name and designation of the Central Agency Chicago Pawn Brokers at No. 21 Quincy Street in Chicago aforesaid for redeeming from pawn, rings of great value, upon payment of sums less than their respective values, and by converting to his own use such sums of money as should be so sent and paid to him the said O'Neil, without furnishing to any of those persons any ring at all equal in value to any of the sums so sent and paid to him for the purpose aforesaid."

The indictment then charged in apt language, that the scheme above set forth to defraud was effected by opening correspondence with certain persons therein named; and sets out at large the letters deposited in the Post Office by the plaintiff in error.

At the conclusion of the testimony, the plaintiff in error asked the Court to instruct the jury to find him not guilty. This request was refused, and to its refusal the plaintiff in error then and there excepted. The jury having rendered a verdict of guilty, judgment was entered thereon, and from this judgment the writ of error is prosecuted.

The further facts are stated in the opinion of the Court.

Thomas L. O'Neil, in pro. per.

S. H. Bethea, U. S. Dist. Atty.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge, after the foregoing statement of facts, delivered the opinion of the Court:

The record does not disclose that any person to whom the letters were sent, redeemed any of the rings on account of any sentiment connected with the ring, or on account of any sentiment connected with the person who was supposed to have pawned it. It is possible that the recipients of the letters may, under misapprehension of the identity of the writer, have supposed the writer to have been some past time friend in trouble; but no specific proof of that kind was offered, nor does the indictment charge that such was the controlling motive, either of plaintiff in error in sending the letters, or of the persons receiving the letters in sending their money.

The record does not disclose that any of the rings, received in return for the money forwarded, was worth less than the money forwarded. Indeed, it is admitted, by counsel for the government, that the retail price of the rings was in all cases equal to the money forwarded. There is therefore, no specific proof in the record, that the plaintiff in error intended to obtain from the parties addressed the sums of money named, without furnishing to such persons, rings equal in value to the sums so sent. But this is the gist of the fraud charged in the scheme set forth in the indictment, and, the proof failing, the charge must fail.

It is insisted, however, that at common law and in civil and equitable cases, it is fraud to obtain money or property, by any false rep-

resentation of fact; and from this it is argued, that irrespective of whether the rings were worth the sums sent, or not, the impression created, on account of their being in pawn, that they were worth much more, was a false representation of fact upon which an indictment could be based.

The question thus mooted would be interesting, if it were fairly involved in the case. But it is not. The indictment makes no charge of fraud in that respect. The plaintiff in error could not be put on trial for a fraud not set forth in the indictment.

It appearing therefore, that the defendant has been convicted without proof of any scheme with which he is charged in the indictment, the judgment of the District Court must be reversed, and a new trial granted.